837 F.2d 1096
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Nicholas GUARNIERI, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3462.
 United States Court of Appeals, Federal Circuit.
 Dec. 7, 1987.
 
 Before BISSELL, Circuit Judge, COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board, Docket No. DC07528610548, as modified by the May 8, 1987, order of the Board, affirming the suspension of Nicholas Guarnieri for twenty-one workdays, is affirmed.
 
 OPINION
 
 2
 Guarnieri does not dispute that (1) he filled out a work form to reflect that he performed work on a job order, (2) he did not perform such work on that day, and (3) the work form is an official document. However, he denies that he intentionally made a false statement.
 
 
 3
 To sustain a charge of making a false statement on an official form, the agency must show by a preponderance of the evidence that the employee knowingly supplied incorrect information on the form and did so with the intention of deceiving or misleading the agency. Naekel v. Department of Transp., 782 F.2d 975, 978 (Fed.Cir.1986). However, intent to mislead may be established by circumstantial evidence. Kumferman v. Department of Navy, 785 F.2d 286, 290 (Fed.Cir.1986). Substantial evidence supports the finding of the administrative judge that the record evidence as a whole supported the agency's position that Guarnieri's intent could be inferred. Accordingly, substantial evidence supports the finding of the administrative judge that Guarnieri "did, in fact, knowingly supply false information to the agency in order to reflect that he performed work on Service Order EB 145006 for two hours on March 11, 1986."
 
 
 4
 Guarnieri also contends that the Board reduced the penalty which he received from twenty-one working days (effectively a calendar month) to twenty-one calendar days. This argument is without merit. The Board, in its order, acknowledged that the administrative judge misstated the penalty, but the Board correctly found that this was harmless error because a penalty of thirty calendar days suspension for making a false statement on an official form was reasonable. Clearly, the Board affirmed the agency's penalty of twenty-one work/thirty calendar days, and the agency's penalty remained unchanged.
 
 
 5
 After reviewing Guarnieri's additional arguments and the submissions of the parties, we find no basis under our statutorily prescribed scope of review for setting aside the imposed suspension. 5 U.S.C. Sec. 7703(c) (1982).